IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF WISCONSIN

DAVID B. MERRITT, M.D.,

      Plaintiff,

   v.

BLACK RIVER MEMORIAL HOSPITAL,
INC.,

      Defendant.

Civ No. 10-cv-840

---

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

---

## I.    INTRODUCTION

Dr. David Merritt worked as an Emergency Room Physician at Black River Memorial Hospital, Inc. ("Black River"). In June 2009, the Army National Guard, of which Dr. Merritt was also a member, involuntarily mobilized and deployed Dr. Merritt to Konduz, Afghanistan. Dr. Merritt's deployment lasted 98 days. After returning to Black River, the hospital's CEO, Stan Gaynor, asked Dr. Merritt whether Dr. Merritt would be re-deploying to Afghanistan. When

Dr. Merritt replied "possibly," Mr. Gaynor said such an absence was unacceptable. Indeed, on December 15, 2009, Black River terminated Dr. Merritt's employment without cause.

Dr. Merritt now moves for summary judgment adjudication of his case. Summary judgment should be granted because:

    1.    Federal law protects a military service member, like Dr. Merritt, from without cause termination within 180 days of honorable discharge from military service. 38 U.S.C. § 4316(c)(2). It is undisputed that Black River terminated Dr. Merritt's employment, without cause, within six months of Dr. Merritt's re-employment following honorable military service; and

    2.    Dr. Merritt's military service was a motivating factor in Black River's decision to terminate Dr. Merritt.

## II. ARGUMENT

### A. Summary judgment standard.

Summary judgment should be granted when "the pleadings, . . . , together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes regarding facts that are outcome determinative preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, genuine issues of fact are ones that create a genuine issue for trial. *U.S. v. Shabahang Persian Carpets, Ltd.*, 926 F.Supp. 123, 124 (E.D. Wis. 1996) (*citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "Where the record taken as a whole did not lead

a rational trier of fact to find in favor of the non-moving party, there is no 'genuine issue for trial.'" *Id.*

There are no triable issues of fact that: (1) Black River terminated Dr. Merritt's employ without cause within six months of his re-employment following his military service; and, (2) Dr. Merritt's military service was a motivating factor in Black River's adverse decision vis-à-vis Dr. Merritt.

On summary judgment, the responding party must come forward with admissible evidence as to each claim in which the non-moving party bears the burden of proof. *Celotex*, 477 U.S. at 324. Here, in order to defeat summary judgment, Black River needs to come forth with admissible evidence that it terminated Dr. Merritt for cause, and that Dr. Merritt's military service played <u>no</u> part in its decision. If Black River cannot do this, then Dr. Merritt's motion for summary judgment should be granted.

    **B.**    **<u>Black River's acts violated Dr. Merritt's rights under the Uniformed Services Employment and Re-employment Rights Act ("USERRA")</u>.**

    *1. Dr. Merritt has standing under USERRA.*

Standing under USERRA's protections requires evidence that the plaintiff: (a) was a member of the Armed Forces of the United States; (b) gave notice to the employer of plaintiff's military obligation; (c) received an honorable discharge from military service; (d) gave timely notification, to the employer, of the plaintiff's intent to return to work; and, (e) the plaintiff's military service was less than five years in duration. 38 U.S.C. § 4312. Once (a) through (e) are met, USERRA's protections apply.

Dr. Merritt has standing under USERRA. Black River admits Dr. Merritt provided it with notice of Dr. Merritt's deployment and notice of Dr. Merritt's intent to be re-employed.

(Statement of Facts "SOF" ¶¶ 7, 9) Dr. Merritt's military service was more than 30 but less than 180 days. *Id.* at ¶¶ 6, 8. Dr. Merritt received an honorable discharge. *Id.* at ¶ 10. Dr. Merritt served less than five years. *Id.* at ¶ 11.

> 2. *Black River violated Dr. Merritt's rights under USERRA by terminating him without cause.*

The USERRA provides, in part:

> A person who is re-employed by an employer under this chapter shall not be discharged from such employment, except for cause -
>
> . . .
>
> (2) within 180 days after the date of such re-employment, if the person's period of service before the re-employment was more than 30 days but less than 181 days. 38 U.S.C. § 3316(c)(1)-(2).

While USERRA does not define "for cause," the phrase and its resultant protections are to be "liberally construed and strictly enforced for the benefit of those who left private life to serve their country." *Duarte v. Agilent Tech., Inc.*, 366 F.Supp. 2d 1039, 1046 (D. Colo. 2005). To that end, "for cause" discharge requires evidence of official misconduct, neglect of duty, or malfeasance. *Carlson v. City of Dolafield*, 779 F.Supp. 2d 978 (E.D. Wisc. 2011). Courts interpreting 38 U.S.C. § 4316(c) find that the employer bears the burden of proving it did not violate 38 U.S.C. § 4316(c) by showing: (1) that it was reasonable to fire the employee for the conduct in question; and, (2) that the employee had notice that the conduct would be grounds for discharge. *See Johnson v. Michigan Claim Svc., Inc.*, 471 F.Supp. 2d 967, 969-970, 973 (D. Minn. 2007); *Duarte*, 366 F.Supp. 2d at 1046-1048; *Anderson v. Sanford L.P.*, 2008 WL 351227, *5 (E.D. Tenn. 2008). 20 C.F.R. § 1002.248(a).

"At-will" employees, by contrast, are capable of losing their employment at any time and for any reason. *Waller v. Abbott Labs*, 340 F.3d 471, 476 (7th Cir. 2003). "At-will" employees may be terminated without cause. *Wojcik v. Commonwealth Mortg. Corp.*, 732 F.Supp. 940, 942 (N.D. Ill. 1990).

Black River terminated Dr. Merritt on December 15, 2009. (SOF at, ¶ 20) Black River terminated Dr. Merritt without cause, as it identified no improper conduct upon which to base the dismissal. *Id.* at ¶¶ 21, 24 – 25. The evidence of this is not disputed. The December 15, 2009, letter that Dr. Merritt received states that Dr. Merritt was being terminated "due to non-renewal of contract." *Id.* at ¶ 24. The "Separation Agreement and Release" attached to the aforementioned letter referenced the "at-will" provision of Dr. Merritt's employment agreement. *Id.* at ¶ 25 (*citing* Merritt Decl. at Ex. A, Article III, §3.2 (viii)) Indeed, Stan Gaynor, Black River's CEO, told Dr. Merritt on December 15, 2009, that Black River was exercising the "at-will" provision of his contract as justification for terminating Dr. Merritt. *Id.* at ¶ 21. Prior to December 15, 2009, Black River did not put Dr. Merritt on notice that he was subject to termination. *Id.* at ¶ 15.

It is undisputed that Black River terminated Dr. Merritt pursuant to the "at-will" provision of the Employment Agreement. Since "at-will" termination is not "for cause" termination, plaintiff's motion on his 38 U.S.C. § 4316(c) claim should be granted.

  *3. Dr. Merritt's military service was a motivating factor in Black River's decision to terminate him.*

  The USERRA provides, in part, that:

> (a) A person who is a member of . . . a uniformed service shall not be denied . . . retention in employment, or promotion, or any benefit of employment by an employer

> on the basis of that membership, application for membership, performance of service, application for service or obligation. . . .
>
> . . .
>
> (c)   An employer shall be considered to have engaged in actions prohibited --
>
> (1)   Under subsection (a), if the person's membership . . . service . . . or obligation for service in the uniformed services is a <u>motivating factor</u> in the employer's action, unless the employer can prove that the action would have been taken in absence of such membership.  38 U.S.C. § 4311(a) and (c) (emphasis added).

In order to demonstrate discrimination and violation of 38 U.S.C. § 4311(a), the employee must show, by a preponderance of the evidence:  (1) that the employee was protected under § 4311(a) because of his membership in the uniformed services; (2) that the employer took an adverse action against the plaintiff by denying the plaintiff retention in employment; and (3) the plaintiff's military status was a motivating factor for the employer's adverse action.  *Id.* Dr. Merritt meets points (1) and (2).

As to point (3), the USERRA does not define "motivating factor."  Courts hold the term "means that if the employer was asked at the moment of the decision what its reasons were and if it gave a truthful response, one of those reasons would be the employee's military position or related obligations."  *Robinson v. Morris Moore Chevrolet-Buick, Inc.*, 974 F.Supp. 571, 576 (E.D. Tex. 1997).  *Robinson* also held that the employee's "military position and related obligations were a motivating factor in [the employer's] decision if it relied upon, took into account, considered, or conditioned its decision on [the employee's] military-related absence."  *Id.* at 576.  Other courts have adopted this definition.  *See e.g., Petty v. Metropolitan Government*

*of Nashville-Davidson County*, 538 F.3d 431, 446 (6th Cir. 2008); *Grosjean v. First Energy*, 481 F.Supp. 2d, 878, 883 (N.D. Ohio 2007) (plaintiff not required to show military service was sole factor)[1]; *Brandsasse v. City of Suffolk, Va.*, 72 F.Supp. 2d 608, 617 (E.D. Va. 1999).

Proximity and time between an employee's USERRA protected status (here re-deployment in October 2009) and an adverse action taken against the employee (here termination in December 2009) and an employer's expressed hostility toward the military (here in late October 2009) are evidence of the "motivating factor" element. *See Warren v. International Business Machines Corp.*, 358 F.Supp. 2d 301, 311 (S.D. N.Y. 2005); *Sheehan v. Dept. of Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001). Courts have found that temporal proximity alone is sufficient evidence of discrimination under USERRA. *Yoder v. Louisville, Jefferson County Metro Government*, 210 W.L. 3806825, *2 (W.D. Ky. 2010); *Sutherland*, 541 F.Supp. at 793. *Kelly v. Main Eyecare Associates, P.A.*, 37 F.Supp. 2d 47, 55 (D. Me. 1999). Additionally, the Western District of Wisconsin has observed that an employer "is more likely to develop hostility towards an employee's reserve duties after experiencing the inconvenience that those duties can cause to the business." *Gillie-Harp v. Cardinal Health, Inc.*, 249 F.Supp. 2d 1113, 1120 (W.D. Wis. 2003). *See also, Sutherland v. Sosintern, Ltd.*, 541 F.Supp. 2d 787, 793 (E.D. Va. 2008); *Fryer v. ASAP Fire & Safety Corp., Inc.*, 680 F.Supp. 2d 317, 321-322, 326 (D. Mass. 2010).

While Black River may respond with other reasons regarding Dr. Merritt's termination, Black River cannot escape the fact that Dr. Merritt's military service was a motivating factor in

---

[1] The Court in *Grosjean* granted the USERRA plaintiff summary judgment on plaintiff's § 4311 claim. 481 F.Supp. 2d at 883-884.

its decision to terminate Dr. Merritt's employ.  Upon Dr. Merritt's return from his tour of duty in Afghanistan, he met with Dr. Carol Martin, whereupon Dr. Martin seemed upset that Dr. Merritt did not want to do extra shifts because of the stress that Dr. Merritt experienced in combat - - - and Dr. Martin nonetheless put Dr. Merritt on back-to-back shifts anyway.  (SOF ¶¶ 13 – 16)  Following that, Stan Gaynor visited Dr. Merritt in the emergency room and asked Dr. Merritt about Dr. Merritt's future plans.  *Id.* at ¶12.  Dr. Merritt informed Mr. Gaynor that Dr. Merritt intended to remain at Black River but that it was possible that Dr. Merritt would be re-deploying to Afghanistan.  *Id.* at ¶¶ 17 – 18.  Following that, Mr. Gaynor told Dr. Merritt that such a re-deployment was unacceptable and would not be tolerated.  *Id.* at ¶ 19.  Weeks later, Dr. Merritt was terminated. *Id.* at ¶21.

Accordingly, the proximity in time between Dr. Merritt's re-deployment and the termination, coupled with the anti-military animosity displayed by Mr. Gaynor and Dr. Martin, show that Dr. Merritt's military service was a motivating factor in Black River's decision to fire him.

//

//

//

//

//

//

//

BRIEF IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT - 8

### III.  CONCLUSION

Summary judgment adjudication of Dr. Merritt's 38 U.S.C. § 4316 and 4311 claims is appropriate, thus leaving the issues of whether Black River's acts were willful and Dr. Merritt's economic damages trial.

DATED this 31st day of October, 2011.

                                        Respectfully Submitted,

                                        */s/George C. Aucoin*
                                        George C. Aucoin
                                        Louisiana Bar No. 24747
                                        Law Offices of George C. Aucoin, APLC
                                        547 Labarre St.
                                        Mandeville, LA 70448
                                        Telephone: (985) 727-2263
                                        Facsimile:   (985) 951-7490
                                        E-mail:  aucoingc@att.net

                                        Thomas G. Jarrard
                                        Law Office of Thomas G. Jarrard
                                        1020 North Washington Street
                                        Spokane, WA 99201
                                        Phone: (425) 239 7290
                                        Fax: (509) 326 2932
                                        tjarrard@att.net

                                        ***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 31, 2011, the foregoing **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** has been electronically filed with the Clerk of Court's office using the CM/ECF system, which will send notice to all counsel of record via electronic means, as set forth below.

>   */s/George C. Aucoin*
>   GEORGE C. AUCOIN

**Clayton Riddle**
Peterson, Johnson & Murray, S.C.
733 North Van Buren St., 6th Floor
Milwaukee, WI 53202
criddle@pjmlaw.com